Wayne A. RITCHIE, Plaintiff—
Appellant,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 07–16753.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2009.

Filed Aug. 20, 2009.

Sidney Bender, Leventritt Lewittes & Bender, Great Neck, NY, Robert E. Cartwright, Esquire, Cartwright & Alexander LLP, San Francisco, CA, Christopher C. Lamerdin, Esquire, AGCA—Office of the California Attorney General, Oakland, CA, for Plaintiff–Appellant.

James G. Bartolotto, Esquire, U.S. Department of Justice, Washington, DC, Owen Peter Martikan, Office of the U.S. Attorney, San Francisco, CA, R. Joseph Sher, United States Attorney, Alexandria, VA, for Defendant–Appellee.

Before: SILVERMAN, CLIFTON, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Having lost his action on the merits under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, Plaintiff–Appellant Wayne Ritchie seeks to reverse the district court's award of costs to Defendant–Appellee United States. Ritchie argues that the district court erred in denying his motion to deny costs to the government and in denying his motion for discovery of alleged documents containing proposed deposition questions and answers. As the facts and procedural history are familiar to the par-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ties, we do not recite them here except as necessary to explain our disposition.

Generally, costs are awarded to the prevailing party. *See* Fed.R.Civ.P. 54(d) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party."); *Ass'n of Mexican–American Educators v. California,* 231 F.3d 572, 591 (9th Cir.2000). However, we have found an award of costs to be an abuse of discretion in limited circumstances. *See, e.g., Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079–80 (9th Cir.1999). Ritchie makes three arguments for why we should so find in this case.

### 1. The Government's Answer and Amended Answer

Ritchie first argues that the government engaged in misconduct by filing answers that it knew to be false. Specifically, he argues that, in light of various publicly available books and articles documenting the CIA's MKULTRA program, the government must have known that Feldman was involved in the CIA drugging program. While deliberate ignorance can constitute knowledge, Ritchie fails to show by clear and convincing evidence that the government was deliberately ignorant or that it perpetrated a "fraud on the court." *See Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 n. 13 (9th Cir.1982). In the previous appeal on the merits, we held that "[t]he district court's finding that Ritchie failed to prove by clear and convincing evidence that the government acted in bad faith in relying on Feldman's deposition testimony is supported by the record." *Ritchie v. United States,* 451 F.3d 1019, 1026 (9th Cir.2006) (citation omitted). This reasoning also controls here; the district court did not abuse its discretion in denying Ritchie's motion to review costs.

### 2. Feldman's Second Deposition

In the trial on the merits, the district court penalized the government's deposition misconduct by requiring it to pay for the second deposition, a sanction that was upheld on appeal. Because the misconduct was not egregious and the government had previously been sanctioned, the district court had discretion to deny Ritchie's motion to review costs. *Ass'n of Mexican–American Educators,* 231 F.3d at 592; *see also Richins v. Deere & Co.,* 229 F.R.D. 189, 193 (D.N.M.2004) (holding that denial of costs was inappropriate where the prevailing party had already been sanctioned for discovery abuses). The district court did not abuse that discretion.

### 3. Proposed Deposition Answers

Finally, the district court's decision to discount the story of the government attorneys' giving Feldman proposed deposition answers was not clearly erroneous. The two attorneys responsible for deposing Feldman submitted declarations denying giving Feldman proposed answers. *See United States v. Norwood,* 420 F.3d 888, 895 (8th Cir.2005) (stating that the existence of documents is a question of fact, subject to review for clear error). AUSA Kenney also submitted personal records showing that she did not stay at the hotel where Ritchie alleges that the deposition preparation took place. In addition, Feldman later retracted the story.

As this allegation lacks evidentiary support, the district court did not abuse its discretion in denying Ritchie's motion for review of costs. *Cf. United States v. Abel,* 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Thus, it was also not an abuse of discretion to deny the motion to compel discovery for documents which the district court determined likely did not exist. In addition, because Ritchie moved to compel prior to making a formal request for dis-

covery, the district court was within its discretion to deny the motion based on Ritchie's failure to follow Federal Rule of Civil Procedure 37(a)(3)(B).

**AFFIRMED.**